Caeuthees, J.,
delivered the opinion of the court.
This is an appeal in error from the judgment of his Honor, the Circuit Judge, dismissing the petition of the plaintiff for writs of certiorari and supersedeas in the circuit court of Bedford county.
The petitioner states that on the 24th May, 1851, the defendant Cowan recovered two judgments against him, one for $60.00, and the other for $95.00, before John W. Hamlin, Esq., upon which executions were issued in October, 1851, and were levied upon a tract of land as his property, which was condemned in the circuit court, and sold under a writ of venctitíoni exponas to the defendant for the full amount of his two judgments and costs, and the said writs returned satisfied. It further charges that notwithstanding said satisfaction, alias executions were issued upon the same judgments on the 29th of June, 1853, and levied upon his property. The prayer of the petition was granted, and writs of certiorari and supersedeas issued, upon bond *293 and security Raying been given by express directions in the fiat, “as required by the Act of 1807, ch. 81., § 1-”
The magistrate having possession of the papers, in obedience to the command of the writ of certiorari, sent them all up to the circuit court. By these it appeared, in addition to the facts stated in the petition, that after the said Cowan had purchased the said land, he instituted an action of .ejectment in the circuit court of Bedford county, upon the title thus acquired against one Silas Pratt, and failed to recover it, on the ground that the title was not in the said Edde at the time of the sale, and therefore he acquired nothing by his purchase, whereupon by scire facias he obtained a revival of his original judgments on the 10th of June, 1853, in pursuance of the Act of 1847-8, ch. 191. After this proceeding on the 29th of June, 1853, the executions superseded in this case were issued. The petition mates, no reference to these latter proceedings, but stops at the sale of the land, and the satisfaction then entered. This makes a clear case upon the face of the petition, for superseding and quashing the last executions, on the ground that the judgments were fully paid off by the sale of the land. The first question made here ’is, whether upon a motion to dismiss, the judgment of revivor upon setting aside the satisfaction, can be looked to and considered? It is insisted that the court, upon this motion, must act upon the facts alone which are stated on the face of the petition. To sustain this position, reference is made to the case of Studdart vs. Fowlkes, decided by this court at last term, and reported in 2 Swan, 537. The question in that case was as to the admissibility *294 of counter affidavits upon a motion to dismiss. It was decided this could not be done, but that the action of the court must be predicated upon the face of the petition and not extrinsic evidence; that upon this preliminary motion the court should not be involved in the trial of facts on the various issues that might be made by affidavits and counter affidavits. But it is not intimated in that case, as it certainly was not so intended, that the whole proceedings of the magistrate, as presented in the case properly brought up by the certiorari, should not be taken into view on the motion to dismiss. These may be regarded as a part of the petition; they constitute the case complained of and brought before the court for inspection on the application to quash the executions. It will be seen in that case, a contrary practice established in several cases in our earlier decisions, reported by Judge Overton in his two volumes of Tennessee Reports, is changed, and these cases overruled. The evils pointed out in the opinion of this court, and the point then in judgment, were confined to the introduction of counter affidavits.
It is true the principle of the decision extends to all extrinsic evidence. This was of course only intended to apply to matters outside of the case, and not to facts contained in the recorded proceedings of the magistrate in the case brought up by the certiorari, issued in obedience to the fiat on the prayer of the petitioner; but no matter extraneous to the petition and the record brought up, can be looked to on a motion to dismiss. Here the petitioner states just enough of the proceedings below to obtain his writs, and answer his purpose, but omits to set forth other steps in the case, which *295 would show his application to he groundless, and then insists that no more of the record can he noticed than he has seen fit to refer to .in his petition. Such a practice would he productive of delays and injustice, and cannot he tolerated.
The question made in this case _ has to he tried at last by the papers. The official returns of the collecting officers must he examined to see if the judgment has been satisfied as alleged.- When this inspection is made, it is found by the court, that although that is true, yet it further appears that the said satisfaction has been set aside and the judgment revived according to law, so that the execution superseded was issued upon a valid unsatisfied judgment, and. cannot therefore .be quashed. The only course then that can he taken by this court, .is to dismiss the petition and discharge the supersedeas. If the motion were overruled and the case delayed, the matter wbuld still have to he tried by the records and the same result produced.
The only question in this kind of case is: are the facts stated in the opinion negatived by the papers brought up by the certiorari? 'or rather, do these, when taken' together, remove the grounds upon which the case made in the petition rests?. If so, the motion to dismiss should be sustained. Spivy vs. Latham, 8 Hump., 704. But it is contended that the act of 1817, ch. 191, does not authorise a' revival of a judgment in a case like the present, but only applies to cases of satisfaction produced by the sale of personal estate, which is afterwards recovered from the purchaser. We have no doubt but that it was’the meaning and intention of the Legislature to allow the satisfaction to be set aside, *296 and the judgment revived wherever it turned out that the creditor got nothing by the sale on aceount of the failure of the title of the debtor to the property sold, whether real or personal. •
The court below, however, erred in entering judgment against the security of the petitioner for the amount of the executions which were superseded; he was only liable for the cost of the new proceeding. The law was thus settled in the case of Kincaid vs. Morris, 10 Yerg., 252, upon the ground that where the objection made in the petition is only to the execution which it seeks to supersede, grounded on some matter of discharge after judgment, without any complaint as to the judgment, the proceeding is in the nature of an audita querela, and is not embraced in the act of 1807, ch. 81, § 1, or that of 1817, ch. 119, by which the sureties are made liable for the debt as well as the cost. These acts only provide for cases brought up for re-investigation of the correctness of the judgment, as upon appeal.
Eor this error the judgment will be reversed, the petition dismissed, with judgment against the petitioner and his surety below for costs of the circuit court and a prooedmdo awarded,